United States District Court
Southern District of Texas
**ENTERED**
November 03, 2025
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| Alcorta Express Trust d/b/a | § | |
| Aurora Maria Sarmiento, and | § | |
| Aurora Sarmiento as Settlor of | § | |
| the Alcorta Express Trust, | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Civil Action H-24-3961 |
| | § | |
| Gold Quest Group LLC, et al. | § | |
| *Defendants.* | § | |

### MEMORANDUM AND RECOMMENDATION

*Pro se* Plaintiffs in this wrongful foreclosure suit are the Alcorta Express Trust (the Trust) and Aurora Maria Sarmiento. Plaintiffs have sued Gold Quest Group LLC and that company's president and CEO, Miguel Sanchez. ECF No. 38 (Second Amended Complaint (SAC)). Plaintiffs' claims include wrongful foreclosure, fraud, unjust enrichment, and violations of various provisions of the United States Constitution. *Id.* at 11. This case has been referred to the undersigned magistrate judge for all pretrial purposes. ECF No. 34.

Pending before the court are Plaintiffs' Motion to Clarify Standing and Real Party in Interest, ECF No. 36; Defendants' Motion to Dismiss Under Rule 12(b), ECF No. 43; Plaintiffs' Motion to Strike Attorney Appearance and Defendant's Brief, ECF No. 47; Plaintiffs' Motion for Leave to File Second Amended Complaint, ECF No. 48; and Intervenor Jason Melton's Motion to Intervene, ECF No. 55. Because the court lacks subject matter jurisdiction, the court recommends that Defendants' Motion to Dismiss be **GRANTED**. Plaintiffs' motions to strike and for leave to amend are **DENIED**. To the extent that Sarmiento is seeking

leave to represent the Trust, that request is **DENIED**. Melton's Motion to Intervene is **DENIED as MOOT**.

### 1. Background

Plaintiffs filed their Complaint in this court on October 11, 2024, ECF No. 1, and amended their complaint as of right on January 16, 2025, ECF No. 10.[1] In both pleadings, Plaintiffs stated that subject matter jurisdiction was based on the existence of a federal question. ECF No. 1 at 3; ECF No. 10 at 4–5. Defendants filed their answer on April 15, 2025, ECF No. 18, and requested a pre-motion conference on May 14, 2025, ECF No. 29. In their pre-motion letter, Defendants sought leave to file a motion to dismiss for failure to state a claim and for lack of subject matter jurisdiction. *Id.* at 1. Defendants made many arguments in the letter pointing out the numerous deficiencies in the FAC. Relevant here, Defendants argued that Plaintiffs' claims are nothing more than state law contract claims, the resolution of which do not require the interpretation of any federal statute. *Id.* Defendants also argued that the FAC contained no facts setting forth any plausible basis for relief. *Id.* Defendants further argued that the statutes and legal principles Plaintiffs raise have nothing to do with the current dispute. *Id.* at 2.

The court held a hearing and entered a written order on May 23, 2025. ECF No. 35. The court granted Plaintiffs leave to file an amended complaint. ECF No. 35 at 1. The court ordered that "Plaintiff shall address the deficiencies cited by Defendant in the Pre-Conference Motion." *Id.* The court warned that "[f]urther leave to address deficiencies already identified is likely to be denied." *Id.* Plaintiffs filed their Second Amended Complaint, ECF No. 38, on

---

[1] Plaintiffs' first and second amended complaints, ECF Nos. 10, 38, are both titled "Amended Complaint." For clarity, the court refers to the first filed amended complaint, ECF No. 10, as the First Amended Complaint (FAC), and the second one, ECF No. 38, as the Second Amended Complaint (SAC).

June 5, 2025, and Defendants filed their Motion to Dismiss under Rule 12(b), ECF No. 43, on June 20, 2025.

Because Plaintiffs are proceeding pro se, the court has liberally construed the allegations in the SAC. In their SAC, Plaintiffs add as defendants Nexbank, SSB and Mortgage Solutions of Colorado. SAC, ECF No. 38 at 1. Plaintiffs identify themselves as "ALCORTA EXPRESS TRUST d/b/a AURORA MARIA SARMIENTO and Sarmiento, Aurora, a living woman acting as Settlor of [the Trust]." *Id.* at 1. Plaintiffs explain that Sarmiento is "an Aborigine Moor Texan Native, a national but not a citizen of the United States." *Id.* at 2. They also explain that the Alcorta Express Trust "is a natural person . . . as the Sole Trustee is a non-resident alien and has the authority to control all substantial decisions of the trust." *Id.* From these statements, the court understands that Sarmiento refers to herself interchangeably by her name and as the Alcorta Express Trust. It also appears to the court that Sarmiento believes she *is* the Trust.

After a discussion over several pages of their understanding of the U.S. Constitution and a request that the court take judicial notice of various random facts and legal theories, Plaintiffs attempt to describe the facts of the case and the causes of action they seek to pursue. Plaintiffs state that "[t]he claims in this action – including wrongful foreclosure, fraud, unjust enrichment, and violations of constitutional rights – arise from conduct that directly harmed trust property located at 19010 Grove Valley Trail Houston, Texas 77084." ECF No. 38 at 6. Plaintiffs seek damages and other relief "arising out of a fraudulent, unlawful, and constitutionally void foreclosure" on Plaintiffs' property. *Id.* at 6–7. Plaintiffs allege causes of action for wrongful foreclosure, fraud and fraudulent inducement, unjust enrichment, and various constitutional violations. *Id.* at 11. The SAC says little else about the facts leading up to this lawsuit.

3

From a review of the various attachments to the SAC, as well as Defendants' Motion to Dismiss and Jason Melton's Motion to Intervene, ECF No. 55, it appears that Sarmiento's ex-husband purchased the property in question in 2013. *See, e.g.,* ECF No. 38-1 at 24–38. Sarmiento acquired the property in the divorce, but she eventually defaulted and Nexbank, who by then was the assignee of the deed of trust, foreclosed on the property. In August 2022, a company called Me Alpha II, LLC acquired the property and evicted Sarmiento. *Id.* at 34. In March 2023, Me Alpha sold the property to Melton. ECF No. 55-1 at 4. When Melton tried to sell the property, he learned that Sarmiento had filed this lawsuit as well as certain instruments in the property records claiming an interest in the property.

Plaintiffs assert that this court has subject matter jurisdiction under 28 U.S.C. § 1331, based on federal questions arising under 15 U.S.C. § 1601 et seq., 12 U.S.C. § 1831b, 42 U.S.C. § 408, and various sections of the United States Constitution. ECF No. 38 at 7. Throughout the SAC, Plaintiffs cite various other federal statutes. For example, Plaintiffs allege that they were not eligible for loans under 7 U.S.C. § 1922, which relates to federal loans to farmers and ranchers. *Id.* at 8–9. Plaintiffs also explain that Sarmiento's transaction with Defendants was void *ab initio* because she did not qualify as a borrower, consumer, or customer under 7 U.S.C. § 1922 and/or 12 U.S.C. § 1701x. *Id.* at 9. The latter statute appears to relate to federal assistance with respect to housing for low-income families. Plaintiffs allege that they gave "notice and demand for violation of lawful cure under 12 C.F.R. § 1024.35 and 12 U.S.C. § 2605," ECF No. 38 at 9, which are part of the Real Estate Settlement Procedures Act (RESPA) and relate to the notice that a loan servicer must give to a borrower before transferring the servicing of the loan to another entity. Finally, Plaintiffs cite generally to RESPA and the federal Truth in

4

Lending Act (TILA) and state that Defendants ignored lawful notices under those acts. *Id.* at 9–10. Plaintiffs also allege several state law causes of action.

### 2. Analysis

"Federal courts are courts of limited jurisdiction[,]" and the presumption is that "a suit lies outside this limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)). The court has "an independent obligation to determine whether subject-matter jurisdiction exists." *Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 749 (5th Cir. 2020) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)). A court may dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Settlement Funding, L.L.C.*, 851 F.3d at 534 (quoting *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, 666 F.3d 932, 935 (5th Cir. 2012)).

"A district court may dismiss a case under Rule 12(b)(1) based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *In re S. Recycling, L.L.C.*, 982 F.3d 374, 379 (5th Cir. 2020) (internal quotation omitted). The party asserting jurisdiction has the burden to prove by a preponderance of the evidence that the court has subject matter jurisdiction. *Id.*

Federal district courts have subject matter jurisdiction over all civil actions "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. The court will apply the "well-pleaded complaint" rule. That is, "[a] federal question exists only [in] those cases in which a well-pleaded complaint establishes

either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008) (citation and internal quotation marks omitted).

Plaintiffs must supply facts demonstrating the existence of a federal question, and "the mere recitation by plaintiffs of various sections of the United States Constitution and random United States Code citations is insufficient." *Arunga v. ACLU Found.*, No. 09-6175-AA, 2009 WL 3274784, at *1 (D. Or. October 9, 2009). Moreover, when a plaintiff's claims are entirely frivolous, the district court lacks power to entertain them. *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019). "Some claims are 'so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id.* (quoting *Oneida Indian Nation of N.Y. v. Oneida Cty.*, 414 U.S. 661, 666 (1974)). Thus, this court has no power to adjudicate a claim that is "wholly insubstantial and frivolous," that is, a claim that is "obviously without merit." *Id.*

Based on a careful reading of the SAC, as well as the many other filings in this case, the court concludes that Plaintiffs have not stated a federal cause of action. This appears to be nothing more than a wrongful foreclosure suit that arises under state law. Plaintiffs have not explained what federal claims they seek to bring against Defendants or how the various statutes they cite give rise to any right to relief. Plaintiffs have not alleged how the Defendants, who are not state actors, have violated their constitutional rights. Plaintiffs' SAC is devoid of facts

demonstrating that federal law would provide them any cause of action or remedy.[2]

### 3. Remaining Motions

Plaintiffs filed a Motion to Clarify Standing and Real Party in Interest, ECF No. 36. To the extent that Sarmiento seeks to continue representing the Trust *pro se*, that request is **DENIED**. Under 28 U.S.C. § 1654, parties may proceed in federal court either personally, i.e. *pro se*, or by counsel. However, those not licensed to practice law may not represent others, including trusts. *Linwood v. Finance America LLC*, No. 3:24-CV-2746, 2025 WL 432834, at *2 (N.D. Tex. Jan. 23, 2025). Fictional entities, such as corporations and trusts, must be represented by counsel in federal court. *Wethy v. Barrett, Daffin, Frappier, Turner & Engle LLP*, No. 3:13–CV–2547, 2013 WL 4436179, at *2 (N.D. Tex. Aug. 19, 2013). Sarmiento is not licensed to practice law and is therefore **ORDERED** to cease her attempts to represent the Trust before this court.

Plaintiffs' Motion to Strike Attorney Appearance and Defendant's Brief, ECF No. 47, is baseless and is therefore **DENIED**.

Sarmiento also filed a Motion for Leave to File Second Amended Complaint. ECF No. 48. She seeks to remove the Trust from the case and to add many new defendants and causes of action. *Id.* The deadline to amend pleadings was June 16, 2025. ECF No. 31 at 1. The Scheduling Order requires a showing of good cause and excusable neglect to amend after that date. *Id.* Moreover, "[f]ederal Rule of Civil Procedure 16(b) governs amendment of pleadings after a scheduling order's deadline to

---

[2] The court has no information on what state the Trust or any Defendant might be a citizen of. Because it is Plaintiffs' burden to demonstrate subject matter jurisdiction, and they have not demonstrated that the court may exercise diversity jurisdiction, the court will not exercise jurisdiction based on diversity.

amend has expired." *Fahim v. Marriott Hotel Servs.*, 551 F.3d 344, 348 (5th Cir. 2008) (citation omitted). A scheduling order "may be modified only for good cause and with the judge's consent." *Id.*; Fed. R. Civ. P. 16(b)(4). "It requires a party 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Fahim*, 551 F.3d at 348 (quoting *S&W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003)). A party "must show good cause for not meeting the deadline before the more liberal standard of Rule 15(a) will apply[.]" *Id.* (quoting *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003)).

Plaintiffs do not even attempt to show good cause. Moreover, the court warned Plaintiffs that "[f]urther leave to address deficiencies already identified [in the pre-motion letter] is likely to be denied." ECF No. 35 at 1. The motion seeking leave to amend suffers the same defects as the SAC. Plaintiffs merely recite various federal statutes and fail to demonstrate that those federal statutes give rise to any causes of action. Again, this is nothing more than a state law claim based on a foreclosure that Plaintiffs believe was unlawful. Even allowing the amendment, the court would still lack subject matter jurisdiction. Leave to amend is therefore **DENIED**.

Because the court lacks subject matter jurisdiction, Intervenor Jason Melton's Motion to Intervene, ECF No. 55, is **DENIED as MOOT**.

### 4. Conclusion

The court recommends that Defendants' Motion to Dismiss Under Rule 12(b), ECF No. 43, be **GRANTED** and this case be dismissed without prejudice.

Plaintiffs' Motion to Clarify Standing and Real Party in Interest, ECF No. 36, is **DENIED** to the extent that Sarmiento seeks to represent the Trust in federal court. Plaintiffs' Motion to

Strike Attorney Appearance and Defendant's Brief, ECF No. 47, is **DENIED**. Plaintiffs' Motion for Leave to File Second Amended Complaint, ECF No. 48, is **DENIED**. Intervenor Jason Melton's Motion to Intervene, ECF No. 55, is **DENIED as MOOT**.

The parties have fourteen days from service of this report and recommendation to file written objections. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on November 3, 2025.

Peter Bray
United States Magistrate Judge